UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80669-CIV-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

EVENGELOS LENA, JOANNE LENA,
THE A.J.L. TRUST, CHRIS
KACHOUROFF, AS TRUSTEE OF THE
A.J.L. TRUST, and CITIMORTGAGE,
INC.,

    Defendants.
_____/

**OMNIBUS ORDER**

THIS MATTER is before the Court sua sponte. The Court has carefully reviewed the entire court file herein and is otherwise fully advised in the premises.

Plaintiff United States of America initiated the above-styled cause on July 25, 2005, with the filing of its Complaint (DE 1). An Answer (DE 43) was filed on behalf of Defendant A.J.L. Trust on November 27, 2006. Said Answer was filed pro se by David Eye as Trustee of A.J.L. Trust, and as of the date of this Order, no attorney has made an appearance on behalf of Defendant A.J.L. Trust. Furthermore, David Eye resigned as Trustee of Defendant A.J.L. Trust on April 26, 2007. See DE 70, Ex. 6.

The Court notes that 28 U.S.C. § 1654 provides parties the right to represent themselves personally or by counsel. 28 U.S.C. § 1654 (2006) ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and

conduct causes therein."). However, the right of a non-attorney to appear in propria persona is a personal right. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987) (citing McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1966). In C.E. Pope, a non-attorney trustee sought to represent the claims of the beneficiaries of a trust. The court held that the trustee's actions "cannot be viewed as a 'party' conducting his 'own case personally' within the meaning of Section 1654." Id. at 697-98 (citing 28 U.S.C. § 1654). The Eighth Circuit has similarly held that a non-lawyer trustee has no right to represent a trust pro se in federal court. Knoefler v. United Bank of Bismark, 20 F.3d 347 (8th Cir. 1994). Additionally, state courts, including Florida's Fourth District Court of Appeal, have held that trustees may not appear pro se on behalf of a trust "because the trustee represents the interest of others and would therefore be engaged in the unauthorized practice of law." EHQF Trust v. S & A Capital Partners, Inc., 947 So. 2d 606 (Fla. Dist. Ct. App. 2007).

Although the Eleventh Circuit has not yet interpreted § 1654 with respect to trusts, it is a well-settled principle of law that neither a corporation nor a partnership can appear pro se; rather, they must be represented by counsel. Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("Corporations and partnerships, both of which are fictional legal persons, obviously cannot appear for themselves personally. With regard to these two types of business associations, the long standing and consistent court interpretation of § 1654 is that they must be represented by

2

licensed counsel."). This Court finds no reason to make a distinction between a trust and a corporation for purposes of the right of self-representation under § 1654. Therefore, David Eye did not have the authority to file an Answer on behalf of Defendant A.J.L. Trust.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant A.J.L. Trust shall have up to and including <u>noon</u> on <u>Monday, January 14, 2008</u>, to retain legal representation and to have a Notice of Appearance filed by the same; and

2. Upon the failure of Defendant A.J.L. Trust to abide by the terms and conditions of this Order, the Court shall strike Defendant A.J.L. Trust's Answer (DE 43) and enter a Default without further notice or hearing.

**IT IS FURTHER ORDERED AND ADJUDGED** that the above-styled cause is hereby **RESET** for Pre-Trial Conference on Friday, **February 15, 2008**, at **9:30 a.m.** at the United States Courthouse, Courtroom A, 299 East Broward Boulevard, Fort Lauderdale, Broward County, Florida. Pursuant to Local Rule 16.1 of this Court, the Parties shall abide by the following time schedule under penalty of dismissal or other sanction.

TIME SCHEDULE

| | | |
|---|---|---|
| **FIVE** days prior to P-T Conf. | - | ALL discovery must be completed |
| **SEVEN** days prior to P-T Conf. | - | Attorneys can request to appear at the P-T Conf telephonically |
| **FIFTEEN** days prior to P-T Conf. | - | Resume of experts and their reports must be exchanged |
| **SEVENTEEN** days prior to P-T Conf. | - | Attorneys must meet |

3

EXCEPT AS OTHERWISE MODIFIED HEREIN, THE PARTIES MUST COMPLY IN FULL WITH LOCAL RULE 16.1 OF THIS COURT. THE PROVISIONS OF THIS ORDER SHALL SUPERSEDE ANY DEADLINES OR SCHEDULES AGREED UPON BY THE PARTIES.

TRIAL DATE:    PARTIES MUST BE READY FOR TRIAL AT ANY TIME AFTER THE PRE-TRIAL CONFERENCE.

A PRE-TRIAL STIPULATION or UNILATERAL PRE-TRIAL CATALOG must be filed with the Clerk of this Court, on or before **noon, February 1, 2008.** FAILURE TO COMPLY WITH THIS PROVISION SHALL RESULT IN THE CASE BEING DISMISSED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 27th day of December, 2007.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Deborah M. Morris, Esq.
Rachael A. Kamons, Esq.
For Plaintiff

Evangelos Lena, Pro Se
217 Bilbao Street
West Palm Beach, FL 33411

Joanne Lena, Pro Se
217 Bilbao Street
West Palm Beach, FL 33411

4