UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80669-CIV-ZLOCH

UNITED STATES OF AMERICA,

       Plaintiff,

vs.
                                                  O R D E R

EVENGELOS LENA, JOANNE LENA,
THE A.J.L. TRUST, CHRIS
KACHOUROFF, AS TRUSTEE OF THE
A.J.L. TRUST, and CITIMORTGAGE,
INC.,

       Defendants.
_____/

       THIS MATTER is before the Court upon Plaintiff United States of America's Motion For Default Judgment And Summary Judgment On All Counts (DE 70). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

       The instant Motion consists of two requests for relief: the entry of default final judgment against Evangelos Lena and Joanne Lena, and summary judgment against the A.J.L. Trust and Chris Kachouroff as Trustee of the A.J.L. Trust, as to whether the Trust is a nominee or alter ego of Evangelos Lena and Joanne Lena. By prior Order (DE 75), the Court denied the instant Motion (DE 70) to the extent it sought a default judgment against Defendants Evangelos Lena and Joanne Lena. In said Order, the Court reserved its ruling on the instant Motion (DE 70) as to whether the A.J.L. Trust is a nominee or alter ego of Evangelos Lena and Joanne Lena. The Court will now address that portion of Plaintiff's Motion.

I. <u>Factual Background</u>

Plaintiff's Complaint (DE 1) concerns tax liabilities it alleges Defendants Evangelos Lena and Joanne Lena (hereinafter the "Lenas") jointly incurred during the years 1991 and 1992, and tax liability individually incurred by Evangelos Lena in 1993. The United States Secretary of the Treasury made assessments for unpaid taxes during the years 1991, 1992, and 1993 on August 1, 1995, May 13, 1996, and April 15, 1996, respectively.[1] Plaintiff filed its Complaint (DE 1) on July 25, 2005, to reduce said assessments to judgment, to foreclose on real property held by the A.J.L Trust, and to order the sale of said property. Prior to these assessments on July 1, 1994, the A.J.L. Trust (hereinafter "Trust") was created with the sole beneficiaries thereof being Chris Angelo Lena and Theodore A. Lena. DE 70, Ex. 2 (hereinafter "Trust Agreement"). Chris Kachouroff (hereinafter "Kachouroff") was appointed as the sole Trustee of the Trust. Simultaneously, the Lenas conveyed their jointly owned real property located at 217 Bilbao Street, Royal Palm Beach, Florida with the legal description "Lot 49, Blk K, LaMancha Subdivision, Royal Palm Beach, Palm Beach County as recorded in volume 5656, Page 1466 and plat book 29, page 165 Palm

---

[1] These facts and those that follow are contained in Plaintiff United States of America's Statement Of Undisputed Facts (DE 70, pp. 3-6) unless otherwise noted. Pursuant to Local Rule 7.5 (D) of the United States District Court for the Southern District of Florida, those statements contained in Plaintiff's Statement Of Undisputed Facts that are not controverted by Defendants are deemed admitted, so long as there is support in the record. As of the date of this Order, Defendants have not contested any facts contained in Plaintiff's Statement Of Undisputed Facts.

Beach County" (hereinafter the "Property") to the Trust, with Kachouroff to hold legal title as Trustee. DE 70, Exs. 1 & 2. Kachouroff resigned as Trustee in 2005. DE 70, Ex. 4. Thereafter, the Trust operated without a trustee until David Eye (hereinafter "Eye") was appointed as its Trustee in November 2006 and served as such until April 26, 2007. See DE 43; DE 70, Ex. 6. The Trust has operated without a trustee since the resignation of Eye.

At the time of the Trust's formation, Kachouroff and Evangelos Lena executed a document entitled "Duties of General Manager And Acceptance of A.J.L. Trust" (hereinafter "Manager Agreement"), which appointed Evangelos Lena to serve as General Manager of the Trust. DE 70, Ex. 3. The powers granted to the trustee are detailed in Sections 5.1 through 5.5 of the Trust Agreement. DE 70, Ex. 2. Such powers include the ability to "hold, manage, or acquire productive and unproductive properties; [and] the power to buy, sell, lease, exchange, deed, convey, assign, hypothecate, invest, loan, borrow, and grant options." Id. § 5.2. In contrast, the Manager Agreement provides that the general manager has the power to operate the Trust's day-to-day affairs and business matters. However, "buying and selling of, or obligating the trust to buy or sell, properties and/or goods that exceed Five Thousand Dollars ($5,000.00) must be approved by appropriate minutes and signatory." DE 70, Ex. 3. Pursuant to the Manager Agreement, the general manager may receive fees for services performed for the Trust; however, the amount of said fee is to be determined by the trustee based on the nature of services performed and the

3

availability of funds. Id.

## II. Standard Of Review

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

The party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact.

To summarize, the moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). However, the evidence of the non-movant is to be believed, and all

4

justifiable inferences are to be drawn in his favor. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986); <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 158-59 (1970).

Even when a motion for summary judgment is unopposed, the district court has a duty to review the evidence submitted and independently consider its merits. <u>United States v. One Piece of Real Property Located at 5800 SW 74th Ave, Miami, Fla.</u>, 363 F.3d 1099, 1101 (11th Cir. 2004). Thus, the district court must make an independent review of the merits of the motion for summary judgment and grant the same only when appropriate.

### III. <u>Analysis</u>

The crux of the issue before the Court in the instant Motion (DE 70) is whether Defendant A.J.L. Trust is the nominee or alter ego of the Lenas such that the Lenas possess a property interest in the Property held by the Trust. A federal tax lien may attach to "all property and rights to property, whether real or personal" of a federal taxpayer. 26 U.S.C. § 6321 (2006). State law determines the property rights a taxpayer possesses in certain property. <u>Drye v. United States</u>, 528 U.S. 49, 58 (1999). In the instant Motion, Plaintiff does not address the Lenas' property rights in the Trust as they are defined by Florida law. Rather, Plaintiff simply asserts that a federal lien may attach to the subject property because the Lenas maintain a possessory interest in the same.

In an attempt to attach the tax lien to the Property, Plaintiff argues that the Trust is a nominee or alter ego of the Lenas, and therefore the Lenas retain property interests in all

property held by the Trust. The Court notes that controlling caselaw permits a federal lien to pierce the corporate veil and attach to property held by a corporation when the corporation acts as a nominee or alter ego of a taxpayer. G.M. Leasing Corp. v. United States, 429 U.S. 338 (1977); Shades Ridge Holding Co., Inc. v. United States, 888 F.2d 725 (11th Cir. 1989). Plaintiff asserts that the piercing-the-veil analysis performed in the corporate context should also be applied in the context of trusts. In support of its position, Plaintiff cites two unpublished district court cases that applied the piercing-the-veil analysis to trusts. United States v. Spiwak, 1995 U.S. Dist. LEXIS 11258 (S.D. Fla. July 26, 1995); United States v. Bahrs, 2006 WL 2507574 (N.D. Fla. Aug. 29, 2006). Assuming, without deciding, that the piercing-the-veil analysis should be imported into the context of trusts, the Court will apply the factors set out by the Eleventh Circuit in Shades Ridge to determine whether the record establishes that the Trust is an alter ego of the Lenas.

The factors courts consider in determining whether corporate property is held as an "alter ego" or "nominee" of a taxpayer are the following: "1) the control the taxpayer exercises over the nominee and its assets, 2) the use of corporate funds to pay taxpayer's personal expenses, and 3) the family relationship, if any, between the taxpayer and the corporate officers." Shades Ridge, 888 F.2d at 729. None of the factors is dispositive. Rather, courts consider all of them in light of the facts and circumstances of each case to make a determination. See id. The

Court will adapt the above-referenced factors from their corporate context to that of trusts to determine if the Trust is the nominee of the Lenas.

The first Shades Ridge factor used to determine whether property is held by a nominee assesses the degree of control the taxpayer exercises over the Trust and its assets. See Shades Ridge, 888 F.2d at 729. Upon creation of the Trust, Kachouroff was named Trustee. DE 70, Ex. 2. No other trustees were appointed. Additionally, Evangelos Lena was named General Manager of the Trust. DE 70, Ex. 3. As discussed above, the powers vested in trustees are expansive and are described in detail in Sections 5.1 through 5.5 of the Trust Agreement. DE 70, Ex. 2. In contrast to the extensive powers vested in trustees, the general manager only has the power to operate the company's day-to-day affairs and business matters. If the general manager buys and sells, or obligates the trust to buy or sell, "properties and/or goods that exceed Five Thousand Dollars ($5,000.00)[, it] must be approved by appropriate minutes and signatory." DE 70, Ex. 3. Thus, from the evidence submitted, the general manager's duties are circumscribed as compared with the powers vested in the trustee.

Plaintiff asserts that Evangelos Lena's role as General Manager is essentially that of a trustee. However, the plain meaning of the Trust Agreement and Manager Agreement clearly delineates between the power of a trustee as opposed to that of a general manager. Plaintiff's argument rests on the assumption that because Trustee Kachouroff performed few of his duties, if any, the

Court should assume that Evangelos Lena performed all of the duties of the Trustee in derogation of the Trust Agreement. After Kachouroff resigned, Eye served as Trustee for the Trust from November 2006 through April 26, 2007. Plaintiff has not put forth any evidence that establishes Eye's exercise of authority over the Trust during his tenure as Trustee. Instead, Plaintiff asserts that because there is no evidence proving a person other than the Lenas controlled the Trust, this Court should infer that the Lenas exercised complete control over it. Plaintiff has provided the Court with little evidence to bolster its position, and in effect it would require this Court to construe inferences in favor of Plaintiff, the moving party, rather than the non-moving party. The Court cannot make such an inference. Anderson, 477 U.S. at 255. Therefore, Plaintiff has not established under the first Shades Ridge factor that the Trust is the nominee of the Lenas.

The second Shades Ridge factor used to determine whether property is held by a nominee evaluates whether the taxpayer used trust funds to pay his or her personal expenses. See Shades Ridge, 888 F.2d at 729. The Court notes that Evangelos Lena and Joanne Lena are not beneficiaries of the Trust. The sole beneficiaries of the Trust are Chris Angelo Lena and Theodore A. Lena. DE 70, Ex. 2. Accordingly, the Lenas are not entitled to receive income from the Trust. The only method by which the Lenas could receive money from the Trust would be for Evangelos Lena to receive fees for his services as the General Manager, as provided in the Manager Agreement. DE 70, Ex. 3. However, his ability to receive fees is

8

subject to approval by the appropriate minutes and signatory. <u>Id.</u> Although Plaintiff asserts that the Trust, including its hierarchy of authority, is a legal fiction, Plaintiff has failed to produce any evidence that establishes Evangelos Lena ever received any compensation from the Trust. Additionally, there is no evidence that the Trust was able to make cash distributions for services rendered by the general manager because the evidence fails to establish that the Trust holds any property other than real property. It is not the role of the Court to speculate as to whether the Lenas have the ability to receive money from the Trust, or whether they actually received any. Plaintiff has failed to put forth any evidence that the Lenas have received money from the Trust, let alone that they used it to pay their personal expenses. Therefore, Plaintiff has not established, under the second <u>Shades Ridge</u> factor, that the Trust is the nominee of the Lenas.

The third <u>Shades Ridge</u> factor used to determine whether property is held by a nominee assesses whether there is a family relationship between the officers of the Trust and the taxpayers. <u>See</u> <u>Shades Ridge</u>, 888 F.2d at 729. There is no evidence that suggests either Kachouroff or Eye have any familial relationship with the Lenas. The only link between the officers of the Trust and the Lena family, as reflected by the record, is the contractual relationship set out in the Manager Agreement appointing Evangelos Lena as General Manager of the Trust. Thus, Plaintiff has not established under the third <u>Shades Ridge</u> factor that the Trust is the nominee of the Lenas.

Therefore, assuming the <u>Shades Ridge</u> factors apply in the context of trusts, the Court finds that there are issues of material fact that preclude the entry of summary judgment in favor of Plaintiff at this time.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff United States of America's Motion For Default Judgment And Summary Judgment On All Counts (DE 70), to the extent it seeks summary judgment as to Defendants A.J.L. Trust and Chris Kachouroff as Trustee of the A.J.L. Trust, it be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this  10th  day of January, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

Rachael A. Kamons, Esq.
For Plaintiff

Evangelos Lena, <u>pro se</u>
217 Bilbao Street
West Palm Beach, FL 33411

Joanne Lena, <u>pro se</u>
217 Bilbao Street
West Palm Beach, FL 33411