UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80669-CIV-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                                            O R D E R

EVENGELOS LENA, et al.,

    Defendants.
_____/

THIS MATTER is before the Court upon Plaintiff United States of America's Motion To Amend United States' Complaint (DE 94) and Plaintiff United States of America's Amended Joint Pretrial Stipulation (DE 88), which this Court construes as a Motion To Continue Discovery. The Court has carefully reviewed said Motions and the entire court file and is otherwise fully advised in the premises.

The instant Motions raise three requests for relief: 1) Leave to amend the Complaint to include facts that occurred after the government filed its Complaint; 2) Leave to add Theodore A. Lena, Chris Angelo Lena, and Christina Henley as Parties to the above-styled cause; and 3) A sixty-day extension of time to engage in discovery and take depositions of Theodore A. Lena and Chris Angelo Lena.

The Court notes Plaintiff United States of America initiated the above-styled cause on July 25, 2005, over two-and-one-half years ago. See DE 1. Since the time the Complaint was filed, the

government has had ample time to discern how to proceed, including whether to join Theodore A. Lena and Chris Angelo Lena as beneficiaries of the A.J.L. Trust, as Parties to this action. Despite the two prior continuances of pretrial conference granted by the Court, the government, at the eleventh hour and on the eve of trial, now requests the above-referenced relief. The Court will address the relative merits of each request separately.

The government moves for leave to amend its Complaint to include events that occurred subsequent to the filing of said Complaint. Rule 15(d) provides that the court may "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading." Fed. R. Civ. P. 15(d). Accordingly, the Court will grant leave for the government to file an amended complaint reflecting the events contained in Evangelos Lena and Joanne Lena's Notice (DE 81).

The government also moves to add the following additional Parties: Theodore A. Lena, Chris Angelo Lena, and Christina Henley. In support of this, the government asserts that the above-named persons are necessary Parties to be joined in this action pursuant to Federal Rule of Civil Procedure 19(a). The sole justification asserted by the government to add said persons is the recent dissolution of the A.J.L. Trust (hereinafter "Trust") and subsequent transfer of the real property contained in the Trust, located at 217 Bilbao Street, Royal Palm Beach, Florida (hereinafter "Property"), to Theodore A. Lena and Chris Angelo

2

Lena. See DE 81. The transfer of the Property was accomplished by Christina Henley acting as Trustee for the Trust on January 7, 2008, and the dissolution of the Trust was effected by Evangelos Lena over one month ago on January 9, 2008. Evangelos Lena and Joanne Lena filed a Notice To The Court (DE 81) on January 14, 2008, apprising the Court to the above-referenced events.

The government alludes to the fact that it only recently became apprised that Theodore A. Lena, Chris Angelo Lena (hereinafter "Lena Children"), and Christina Henley have interests in the above-styled cause. While the government may have only recently learned of Christina Henley's interest as Trustee of the Trust, no such argument can be made with respect to the Lena Children. From the inception of this action, the government has been aware that the Lena Children are beneficiaries of the Trust. No secrets have been kept as to the beneficial interests of the Lena Children. They are listed on the Schedule C of the Trust as the sole certificate holders. See DE 70, Ex. 2. Furthermore, in an Answer (DE 11) filed on September 1, 2005, former Trustee Chris Kachouroff stated that the "A.J.L. trust was set up for the benefit of the Lenas' children." DE 11, ¶ 19. Thus, the government's claim of urgent need to join the Lena Children as Parties, based on the Trust's dissolution is fallacious. However, because the Theodore A. Lena and Chris Angelo Lena may be necessary persons for purposes of the foreclosure action, the Court will reserve in part on the instant Motion (DE 94).

3

In addition, the Court advises the Parties that it will bifurcate the trial on this matter. First, the Court will proceed with trial limited to the following issues: 1) Whether Evangelos Lena and Joanne Lena are liable for tax liabilities assessed against them; and 2) Whether the A.J.L. Trust is a nominee of Evangelos Lena and Joanne Lena. The Court notes that if the government fails on these issues, the Court need not proceed to the foreclosure count. However, if the government does succeed on those issues, at that time the Court will revisit whether the Lena Children need to be joined to the action.

The Court now turns to the government's requests to add Christina Henley to the instant case. Rule 19(a) requires persons fitting the following description to be joined as parties:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). The Court finds that non-joinder of Henley will not thwart its ability to accord complete relief among the existing Parties. Further, Henley's interest, if any, as Trustee for the dissolved Trust will not be impaired or impeded by the

4

Court's denial of the instant Motions. Additionally, the Court's denial of the government's request to join Henley will not leave an existing Party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Plaintiff United States of America's Amended Joint Pretrial Stipulation (DE 88), which this Court construes as a Motion To Continue Discovery be and the same is hereby **DENIED**;

2. That Plaintiff United States of America's Motion To Amend United States' Complaint (DE 94) and **GRANTED** in part, **DENIED** in part as follows:

    a. To the extent Plaintiff's Motion To Amend (DE 94) seeks to amend the Complaint to add facts disclosed by Defendants in their Notice To The Court (DE 81), it be and the same is hereby **GRANTED**;

    b. On or before <u>4:00 p.m.</u> <u>Friday, February 15, 2008</u>, Plaintiff United States of America shall file its amended complaint with the Clerk of this Court;

    c. The Complaint may only be amended with respect to factual allegations derived from the Notice To The Court (DE 81) filed by Defendants;

    d. To the extent Plaintiff's Motion To Amend (DE 94) seeks to add Christina Henley as a defendant, or seeks to add additional

causes of action, it be and the same is hereby **DENIED**; and

 e. To the extent Plaintiff's Motion To Amend (DE 94) seeks to add Theodore A. Lena and Chris Angelo Lena as defendants, the Court reserves ruling on the Motion.

 **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ____14th____ day of February, 2008.

             WILLIAM J. ZLOCH
             United States District Judge

Copies furnished:

Rachael A. Kamons, Esq.
For Plaintiff

Evangelos Lena, pro se
217 Bilbao Street
West Palm Beach, FL 33411

Joanne Lena, pro se
217 Bilbao Street
West Palm Beach, FL 33411