UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-80669-CIV-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

                                                      **O R D E R**

EVANGELOS LENA, et al.,

    Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff United States of America's Motion For Summary Judgment Against Theodore A. Lena and Chris Angelo Lena (DE 142). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    By prior Order (DE 111), the Court permitted Plaintiff to amend the Complaint (DE 1) to add Theodore A. Lena and Chris Angelo Lena (hereinafter "Lena children"). It is unclear why the children were not named in the Complaint from the beginning, given that they were the sole beneficiaries of the A.J.L. Trust. However, it became clear that the Lena children needed to be added to this action when the real property at issue was transferred to them on January 7, 2008.[1] Upon granting in full Plaintiff's Motion To Amend United States' Complaint (DE 94), this case now travels under

---

[1] The real property is located at 217 Bilbao Street, Royal Palm Beach, Florida, with the legal description "Lot 49, Blk K, LaMancha Subdivision, Royal Palm Beach, Palm Beach County as recorded in volume 5656, Page 1466 and plat book 29, page 165 Palm Beach County," (hereinafter "Property").

the Amended Complaint (DE 96).

The Court previously entered an Order (DE 114) of summary judgment in favor of Plaintiff and against Defendants Evangelos and Joanne Lena (hereinafter "Lenas").  In that Order, the Court found the IRS assessments against the Lenas are valid and may attach to any and all property interests held by the Lenas.  Further, the Court found that the A.J.L. Trust (hereinafter "Trust") is a nominee of the Lenas, and they possess an interest in the Property upon which Plaintiff may attach and foreclose a lien to satisfy the tax assessments.  Thereafter, the Court entered a Judgment (DE 121) against the Lenas for all taxes, interest, and statutory additions owed and for the attorney's fees incurred by Plaintiff in this action.

The instant Motion (DE 142) seeks an order adjudicating the rights of the Lena children with respect to the Property and the tax liens.  Having previously held that the Lenas transfer of the Property to the Trust was a nullity, it follows that the subsequent transfer from the Trust to the Lena children is also null and void.  Because the Lenas remained the true owners of the Property, the Trust had nothing to transfer, and as such, the Lena children have no right, title, or interest in the Property.  Therefore, the Court shall enter summary judgment in favor of Plaintiff and against the Lena children.  Further, the Court shall direct a sale of the Property and distribute the proceeds as follows: 1) to the IRS's Property and Liquidation Specialists for the costs of sale; 2) to Citimortgage in full satisfaction of its outstanding mortgage

on the Property; 3) to the United States in full or partial satisfaction of the Court's prior Judgment (DE 121); and 4) remaining proceeds from the sale to the Lenas.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff United States of America's Motion For Summary Judgment Against Theodore A. Lena and Chris Angelo Lena (DE 142) be and the same is hereby **GRANTED**; and

2. Final Judgment shall be entered by separate Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___3rd___ day of June, 2009.

/s/ William J. Zloch
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Parties and Counsel of Record